IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUIS NAZARIO MEJIA VICENTE,<br><br>            Petitioner,<br><br>     vs.<br><br>WARDEN, MCCOOK DETENTION CENTER, TODD BLANCHE, Acting U.S. Attorney General; MARKWAYNE MULLIN, Secretary of Homeland Security; and DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director of U.S. Immigration & Customs Enforcement;<br><br>            Respondents. | **8:26CV360**<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Luis Nazario Mejia Vicente's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully detained. For the reasons set forth herein, the Court grants the Petition and orders Respondents to release Petitioner.

**I.    BACKGROUND**

Petitioner is a native and citizen of Guatemala. Filing No. 1 at 9. He entered the United States without inspection on April 21, 2024, and was shortly thereafter apprehended by Border Patrol. Filing No. 6 at 3. Respondents initially served Petitioner with an expedited removal order, but an Immigration Judge found that Petitioner had established a reasonable fear or persecution or torture and vacated the expedited removal. *Id.* at 4. Petitioner was instead served an NTA and placed in removal proceedings. *Id.* On May 25, 2024, Petitioner was released on his own recognizance, but Respondents assert they cannot locate the documents detailing his release. *Id.* On

1

May 11, 2025, Petitioner was convicted of driving under the influence and sentenced to twenty-two days' incarceration. *Id.*   On July 1, 2026, Petitioner reported for his yearly ICE check-in as part of his release on recognizance, and was instead taken into custody. *Id.* He remains detained and immigration proceedings remain pending. *Id.*

Petitioner seeks his immediate release or a bond hearing. Filing No. 1 at 18.

## II.   ANALYSIS

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A), pointing to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In *Avila*, the Eighth Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A).   Previously, § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those apprehended in the country.   Prior to the Eighth Circuit's decision, the undersigned had found DHS's interpretation of the INA to be incorrect.   *See Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328, at *2 (D. Neb. Jan. 8, 2026).   Numerous district courts across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court of Appeals, Sixth Circuit Court of Appeals, Ninth Circuit Court of Appeals, and Seventh Circuit Court of Appeals. have agreed.   *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026);

*Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *1 (7th Cir. July 30, 2026). However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed. The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

But Petitioner's situation is distinct from that set forth in *Avila*. When Petitioner was detained and released on his own recognizance in 2021, the government necessarily invoked 8 U.S.C. § 1226.[1] Now, Respondents claim Petitioner is actually detained under 8 U.S.C. § 1225(b)(2)(A)[2] rather than § 1226. But, "courts may not accept . . . *post hoc* rationalizations for agency action," and "an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983). "Put simply, the Government is not allowed to change horses midstream. It is stuck with the horse on which it rode into court," which, here, is 8 U.S.C. § 1226. *Souleimane C. v. Blanche*, No. 26-CV-2215 (LMP/JFD), 2026 WL 1180075, at *3 (D. Minn. Apr. 30, 2026); *accord Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 8:26-CV-131, 2026 WL 926725, at *1 (D. Neb. Apr. 6, 2026) ("If the government was going to detain the petitioner for removal proceedings, [his apprehension at the border] was the time. Instead, the government decided to release him on conditional parole—and when it did so, the petitioner's detention and removal were subject to the statutory scheme in § 1226.").

---

[1] Although the order of release on recognizance does not appear in the record, Respondents agree Petitioner was so released.

[2] Respondents assert § 1225(b)(2)(A) as the sole justification for Petitioner's detention and do not claim his intervening conviction of driving under the influence requires his detention. Furthermore, more than a year passed between Petitioner's DUI conviction and his detention by Respondents, during which time he remained on release and showed up to his ICE check ins.

Noncitizens detained under 8 U.S.C. § 1226(a) are entitled to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).  Here, the government made such a determination and released Petitioner on his own recognizance.  Accordingly, absent a valid reason to redetermine Petitioner's bond (which Respondents do not assert), the order releasing him on his own recognizance remains operative.  Should Respondents choose to attempt to re-detain Petitioner, they must afford him a bond hearing wherein the burden is on the government to demonstrate he poses a flight risk or is a danger to the community.  Importantly, because Respondents previously deemed it appropriate to release Petitioner into the country without bond or conditions, Respondents must explain what has changed about Petitioner's circumstances so as to justify his detention now.

Furthermore, even if Respondents had not previously chosen to invoke § 1226 in Petitioner's case, the Court would nevertheless find that his detention without the opportunity for a bond violates his due process rights under the three-part test in *Mathews v. Eldridge*, 424 U.S. 319, (1976), as set forth in *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026).  Accordingly,

IT IS ORDERED:

1.  Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.

2.  Respondents shall release Petitioner from custody as soon as practicable, no later than 48 hours from the filing of this Order on his own recognizance as previously ordered and without additional conditions.

4

3. Respondents must release Petitioner with all personal effects including identification documents and immigration documents, and without conditions such as location tracking devices.

4. Should Respondents seek to re-detain Petitioner, they must afford him a prompt bond determination hearing as described herein.

5. Respondents shall provide the Court with a status update concerning Petitioner's release by no later than **5:00 P.M. on August 13, 2026.**

Dated this 10th day of August, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge